SMITH, Justice,
for the Court:
Isiah Bennett was convicted of murder in the Circuit Court of Lowndes County and sentenced to life imprisonment. He has appealed and assigned one ground for reversal. It is argued that the granting, at the request of the State, of a jury instruction on manslaughter was error.
No objection to the instruction was interposed in the trial court as required by Rule 42 of the Supreme Court of Mississippi, but it is now contended that the instruction improperly shifted the burden of proof to appellant. It is contended by appellant that the present case parallels Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In the Mullaney case a trial court in the State of Maine instructed the jury, among other things, as follows:
[T]hat if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation. (Emphasis added). (421 U.S. at 686, 95 S.Ct. at 1883, 44 L.Ed.2d at 512).
The trial court, in the Maine case reviewed in Mullaney, had so instructed the jury under the court’s interpretation of statutes of the State of Maine (17 Me.Rev.Stat.Ann., § 2551 and § 2651), dealing with the crimes of murder and manslaughter. The United States Supreme Court held that the instruction in Mullaney unconstitutionally shifted the burden of proof to the defendant and thus was violative of due process.
The instruction criticized by appellant here is in the following language:
The Court instructs the jury for the State that manslaughter is the killing of a human being in the heat of passion, without malice, by the use of a dangerous weapon, without authority of law, and not in necessary self-defense; and if the jury believe from the evidence beyond a reasonable doubt that the defendant Isiah Bennett so killed the deceased, Ephris Shelton, then the jury will find the defendant guilty of manslaughter.
And in that event the form of your verdict will be:
“We, the jury, find the defendant guilty of manslaughter.”
Writing your verdict on a separate sheet of paper.
No instruction defining manslaughter was requested by appellant, and, as noted, no objection to the above instruction was made as required by Rule 42 of the Supreme Court of Mississippi. Nevertheless, we have examined the instruction in the light of criticisms now raised for the first time. We are unable to see any resemblance of the criticized instruction in this case to the instruction condemned in Mulla-ney. The evidence of the two eyewitnesses in Bennett’s trial was to the effect that his “girl friend”, Lillie Mae Miller, had asked Ephraim Shelton to give her and Trudy Cotton a ride home from Itel’s cafe. In the course of taking them home Shelton had stopped at a traffic light when appellant *112 drove up behind them and blew his horn. Lillie Mae Miller asked Shelton to pull over so that she might talk to Bennett. Bennett got out of his car and walked over to Shelton’s car. Trudy Cotton rolled down her window and the women observed that Bennett had a pistol in his hand. When he said he wanted to speak to Lillie Mae Miller, Trudy Cotton, who was on the outside, got out of Shelton’s car. Lillie Mae Miller then prepared to follow her out. At that time Bennett fired over her and shot Shelton in the head, killing him. The women testified that, at the time Shelton had no weapon of any kind in his hands. Bennett testified as a witness in his own behalf in support of his plea of self-defense. His version of the occurrence was that Shelton had “slid” all the way across the seat to the passenger side of the car and was coming up with a gun. It was for this reason, said Bennett, that he “just wheeled around and shot.” Obviously, appellant’s version and that of the two eyewitnesses were in irreconcilable conflict. The jury rejected appellant’s version and resolved that conflicts in the evidence against him.
Upon the evidence in this case it was proper for the court to submit to the jury instructions defining both murder and manslaughter, which was done. The definition of manslaughter in the criticized instruction is neither incorrect nor misleading and states with sufficient clarity the burden of proof which must be met by the State in order to justify conviction.
We have concluded that appellant’s criticism of the instruction is without merit, that the conviction is supported by credible evidence and that the conviction must be affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.